IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

KATHERINE ORTIZ, as Independent
Administrator to Collect for the ESTATE
OF DAVID MALDONADO, JR.,

Plaintiff,

vs.

WEXFORD HEALTH SOURCES, INC.
and DR. KURT OSMUNDSON,

Defendants.

Case No. 24-cv-1387

### PROTECTIVE ORDER

A party having moved for a protective order pursuant to Federal Rule of Civil Procedure 26(c), the Court finds good cause for the entry of such order to the extent that the dissemination of documents produced in discovery governed by the Federal Rules of Civil Procedure shall be limited as set forth, infra. Good cause is established due to the fact that the discovery in the case is likely to involve information not otherwise publicly available absent this litigation, personal financial and medical information, and other information treated as non-public, private information by a party or producing non-party. This Order is intended to protect the privacy interests of parties and non-parties, facilitate the quick and efficient production of discovery, and allow for the dissemination of information for purposes unrelated to this litigation when there is a demonstrated need.

1. Scope. This Order applies to all discovery produced by a party to another party pursuant to the Federal Rules of Civil Procedure. This Order also applies to discovery produced to a party by a non-party pursuant to a subpoena issued pursuant to Federal Rule of Civil Procedure 45, including but not limited to discovery produced by the Illinois Department of Corrections (IDOC). This Order does not apply to discovery produced by a party or non-party pursuant to a request made under a state or federal freedom of information law. This Order does not apply to transcripts of

deposition testimony, unless a party moves after conferral with opposing counsel, that this Order apply to said deposition transcript or a portion thereof.

    2. Confidential Information. As used in this Order, "Confidential Information" means information designated as "CONFIDENTIAL" by the producing party that falls within one or more of the following categories: (a) medical and/or mental health information concerning any individual; (b) personal identity information of any individual; (c) personal financial records of any individual; (d) personnel or employment records of any individual; and corporate trade secrets, policies, pricing, financial documents, and other corporate records not generally available to the public; (e) information or images that show the interior and/or physical layout of an IDOC facility; and (f) information about methods or timing of prisoner movement. Information or documents that are available to the public may not be designated as "Confidential Information".

    3. Attorneys' Eyes Only. The designation "Attorneys' Eyes Only" shall be limited to highly sensitive Confidential Information, as defined above, as well as highly sensitive information that falls within on or more of the following categories: (a) information concerning on-going investigations into criminal activity; (b) information that would threaten the safety or security of plaintiff, plaintiff's family members, a prison, prisoners, prison employees, or Wexford employees; or (c) personal information regarding any person (including contact information or personally identifying information that is not otherwise publicly available), that, if improperly disclosed to a party in this litigation, could cause future business or financial harm to the producing party or individual harm to any current or former employee of the producing party.

    4. Designation

    a) A party may designate a document as "Confidential Information" and/or "Attorneys' Eyes Only" for protection under this Order by placing or affixing the words "CONFIDENTIAL" and/or "ATTORNEYS' EYES ONLY" on the document and on all copies in a manner that will not interfere with the legibility of the document. As used in this Order, "copies" includes electronic images, duplicates, extracts, summaries or

descriptions that contain the Confidential Information. The marking "CONFIDENTIAL" and/or "ATTORNEYS' EYES ONLY" shall be applied prior to or at the time of the documents are produced or disclosed. Applying the marking "CONFIDENTIAL" and/or "ATTORNEYS' EYES ONLY" to a document does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order. Any copies that are made of any documents marked "CONFIDENTIAL" and/or "ATTORNEYS' EYES ONLY" shall also be so marked, except that indices, electronic databases or lists of documents that do not contain substantial portions or images of the text of marked documents and do not otherwise disclose the substance of the Confidential Information are not required to be marked.

      b) The designation of a document as "Confidential Information" and/or "Attorneys' Eyes Only" is a certification by an attorney for the producing party (including Illinois Department of Corrections) that the document contains information that meets the definition of "Confidential Information" and/or "Attorneys' Eyes Only" as defined in this order.

      5. Protection of Confidential Material.

      a) General Protections. Confidential Information shall not be used or disclosed by the parties, counsel for the parties or any other persons identified in subparagraph (b) for any purpose whatsoever other than in this litigation, including any appeal thereof. Such requirement shall not bar the parties or counsel from using or disclosing information from other sources not designated as "Confidential Information" even if the same information appears in documents designated as "Confidential Information".

      b) Limited Third-Party Disclosures. The parties and counsel for the parties shall not disclose or permit the disclosure of any "Confidential Information" to any third person or entity except as set forth in subparagraphs (1)-(9). Subject to these requirements, the following categories of persons may be allowed to review Confidential Information:

1) Counsel. Counsel for the parties and employees of counsel who have responsibility for the action;

2) Parties. Individual parties and employees of a party but only to the extent counsel determines in good faith that the employee's assistance is reasonably necessary to the conduct of the litigation in which the information is disclosed;

3) The Court and its personnel;

4) Court Reporters and Recorders. Court reporters and recorders engaged for depositions;

5) Contractors. Those persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents, including outside vendors hired to process electronically stored documents;

6) Consultants and Experts. Consultants, investigators, or experts employed by the parties or counsel for the parties to assist in the preparation and trial of this action but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound;

7) Witnesses at depositions. During their depositions, witnesses in this action to whom disclosure is reasonably necessary. Witnesses shall not retain a copy of documents containing Confidential Information, except witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts. Pages of transcribed deposition testimony or exhibits to depositions that are designated as "Confidential Information" pursuant to the process set out in this Order must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order.

8) Author or recipient. The author or recipient of the document (not including a person who received the document in the course of litigation); and

9) Others by Consent. Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered.

c) Control of Documents. Counsel for the parties shall make reasonable efforts to prevent unauthorized or inadvertent disclosure of Confidential Information. Counsel shall maintain the originals of the forms signed by persons acknowledging their obligations under this Order for a period of three years after the termination of the case.

1) Under no circumstances shall the attorney of record receiving documents designated as "ATTORNEYS' EYES ONLY" disclose such documents to his or her client(s) or allow his or her client(s) to access such documents. Such requirement shall not bar an attorney of record from disclosing information to his or her client from other sources not designated as "ATTORNEYS' EYES ONLY," even if the same information appears in documents designated as "ATTORNEYS' EYES ONLY."

2) Except as set forth in Paragraph 5(b)(1), under no circumstances shall any Confidential Information be disseminated by any person to any current or former inmate of the Illinois Department of Corrections, except that information marked "CONFIDENTIAL" may be provided to Plaintiff consistent with the terms of this Order or disclosed during depositions as set forth above.

d) Notwithstanding the other provisions of this Order, the parties may redact information that contains personal or security information including, home addresses, telephone numbers, social security numbers, birth dates, and medical and mental health information concerning any person, including but not limited to IDOC employees, family members of IDOC employees and inmates, volunteers, and victims, Wexford

employees, and family members of Wexford, unless the information is relevant to the litigation.

      6.   Inadvertent Failure to Designate. An inadvertent failure to designate a document as "Confidential Information" does not, standing alone, waive the right to so designate the document; provided, however, that a failure to serve a timely Notice of Designation of deposition testimony as required by this Order, even if inadvertent, waives any protection for deposition testimony. If a party designates a document as "Confidential Information" after it was initially produced, the receiving party, on notification of the designation, must make a reasonable effort to assure that the document is treated in accordance with the provisions of this Order. No party shall be found to have violated this Order for failing to maintain the confidentiality of material during a time when that material has not been designated "Confidential Information", even where the failure to so designate was inadvertent and where the material is subsequently designated "Confidential Information".

      7.   No Greater Protection of Specific Documents. Except on privilege grounds not addressed by this Order, no party may withhold information from discovery on the ground that it requires protection greater than that afforded by this Order unless the party moves for an order providing such special protection.

      8.   Challenges by a Party to Designations and/or redactions. The redaction or designation of any material or document as "Confidential Information" and/or "Attorneys' Eyes Only" is subject to challenge by any party. The following procedure shall apply to any such challenge.

      a)   Meet and Confer. A party challenging the redaction or designation of "Confidential Information" and/or "Attorneys' Eyes Only" must do so in good faith and must begin the process by conferring directly with counsel for the designating party. In conferring, the challenging party must explain the basis for its belief that the redaction and/or designation was not proper and must give the redacting or designating party an opportunity to review the designated material, to reconsider the designation, and, if no change in designation is offered, to explain the basis for the

designation. The designating party must respond to the challenge within five (5) business days.

b) Judicial Intervention. A party that elects to challenge a redaction or designation may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements of this procedure. The burden of persuasion in any such challenge proceeding shall be on the redacting or designating party. Until the Court rules on the challenge, all parties shall continue to treat the materials as "Confidential Information" and/or "Attorneys' Eyes Only" under the terms of this Order.

9. Action by the Court. Applications to the Court for an order relating to materials or documents redacted or designated "Confidential Information" and/or "Attorneys' Eyes Only" shall be by motion. Nothing in this Order or any action or agreement of a party under this Order limits the Court's power to make orders concerning the disclosure of documents produced in discovery or at trial.

10. Confidential Information Subpoenaed or Ordered Produced in Other Litigation.

a) If a receiving party is served with a subpoena or an order issued in other litigation that would compel disclosure of any material or document designated in this action as "Confidential Information", the receiving party must so notify the designating party, in writing, immediately and in no event more than three court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

b) The receiving party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Order. In addition, the receiving party must deliver a copy of this Order promptly to the party in the other action that caused the subpoena to issue.

c) The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the designating party in this case an opportunity to try to protect its Confidential Information in the court from which the subpoena or order issued. The designating party shall bear the burden and the expense of seeking protection in that court of its Confidential Information, and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court. The obligations set forth in this paragraph remain in effect while the party has in its possession, custody or control Confidential Information by the other party to this case.

11. Obligations on Conclusion of Litigation.

a) Order Continues in Force. Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

b) Obligations at Conclusion of Litigation. Within sixty-three days after dismissal or entry of final judgment not subject to further appeal, all Confidential Information and documents marked "CONFIDENTIAL" and/or "Attorneys' Eyes Only" under this Order, including copies as defined in ¶ 3(a), shall be returned to the producing party unless: (1) the document has been offered into evidence or filed without restriction as to disclosure; (2) the parties agree to destruction to the extent practicable in lieu of return; or (3) as to documents bearing the notations, summations, or other mental impressions of the receiving party, that party elects to destroy the documents and certifies to the producing party that it has done so. In the alternative, the Parties may maintain the information in their files subject to their normal retention and destruction policy as long as the confidentiality of the records is maintained in accordance with this order.

c) Retention of Work Product and one set of Filed Documents. Notwithstanding the above requirements to return or destroy documents, counsel may retain (1) attorney work product, including an index that refers or relates to designated "Confidential Information" so long as that work product does not duplicate verbatim substantial

portions of Confidential Information, and (2) one complete set of all documents filed with the Court including those filed under seal. Any retained Confidential Information shall continue to be protected under this Order. An attorney may use his or her work product in subsequent litigation, provided that its use does not disclose or use Confidential Information.

      12. Order Subject to Modification. This Order shall be subject to modification by the Court on its own initiative or on motion of a party or any other person with standing concerning the subject matter.

      13. No Prior Judicial Determination. This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any document or material designated "Confidential Information" by counsel or the parties is entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

      14. Persons Bound. This Order shall take effect when entered and shall be binding upon all counsel of record and their law firms, the parties, and persons made subject to this Order by its terms.

So Ordered.   6/11/2025                       s/Ronald L. Hanna

Dated: _____        _____

                                                                              District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| KATHERINE ORTIZ, as Independent Administrator to Collect for the ESTATE OF DAVID MALDONADO, JR., <br><br> Plaintiff, <br><br> vs. <br><br> WEXFORD HEALTH SOURCES, INC. and DR. KURT OSMUNDSON, <br><br> Defendants. | Case No. 24-cv-1387 |

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

     The undersigned hereby acknowledges that he/she has read the Confidentiality Order dated _____ in the above-captioned action and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the Central District of Illinois in matters relating to the Confidentiality Order and understands that the terms of the Confidentiality Order obligate him/her to use materials designated as Confidential Information in accordance with the Order solely for the purposes of the above-captioned action, and not to disclose any such Confidential Information to any other person, firm or concern.

     The undersigned acknowledges that violation of the Confidentiality Order may result in penalties for contempt of court.

Name: _____

Job Title: _____

Employer: _____

Business Address: _____


Date: _____

Signature: _____

4926-0109-9076, v. 2